**Haim SHAMSIAN, Plaintiff–Appellant,**

v.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jo Anne BARNHART,* Commissioner
of Social Security Administration,
Defendant–Appellee.

No. 01–17066.

D.C. No. CV–98–02081–MHM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 21, 2002.

Before B. FLETCHER, RAWLINSON,
and CLIFTON, Circuit Judges.

MEMORANDUM **

Haim Shamsian appeals from the district court's decision to remand this case for further factual findings on the sole issue of his ability to perform other meaningful work in the economy. He asks this court to expand the scope of the district court's remand order to permit an Administrative Law Judge (ALJ) to reconsider his credibility regarding the onset date for his alleged disability. Because the parties are familiar with the facts, we will not discuss them here.

The commissioner does not contest that portion of the district court's decision which requires remand. On remand, after further questioning of the vocational expert and appropriate analysis, the ALJ may conclude that plaintiff is able to perform other work and that there is employment available for someone in his condition.

We note, however, that it could be appropriate for the ALJ to consider other issues as well. At oral argument appellee affirmatively represented that, on the present terms of the district court's remand order, an ALJ may revisit de novo the issues that Shamsian wishes reconsidered. *See* 20 C.F.R. § 404.983 ("Any issues relating to [the] claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in [the] case."); *see also id.* § 404.977(b) ("*Action by administrative law judge on remand.* The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." (italics in original)). Appellee also represented that Shamsian will be able to appeal any final order resulting from the administrative decision upon remand.

We note that the record presented indicia that Shamsian is a poor historian and that his testimony may be unreliable. This does not mean that he is intentionally misrepresenting the facts or sought to mislead. Nothing in this decision is intended to preclude the ALJ from considering other issues on remand if it appears appropriate to the ALJ to do so. We note, for particular example, that if "further questioning of the vocational expert and further analysis demonstrating [whether] the plaintiff is able to perform other work in the national economy in light of his age, education and work experience" leads the ALJ to a conclusion that there is not employment available for someone in the plaintiff's condition, then it might well be appropriate to revisit the question of plain-

* Jo Anne Barnhart, in her capacity as Commissioner of Social Security Administration, is substituted for Kenneth Apfel.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

694

tiff's potential disability prior to December, 1990.

The judgment of the district court is AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.